Thank you, Your Honor. May it please the Court, Daniel Girtz for the appellant, Mr. Harris-Franklin. Before I get right into the speedy trial issues, I just want to give the Court a quick update on the second issue. Although I acknowledge that Jackson's 2 is still binding, Mr. Jackson did file a petition for certiorari timely last week, and the Third Circuit has joined the fray opposing the Eighth Circuit. The Fourth Circuit has joined, joining the Eighth Circuit. So I expect that the Solicitor General's recommendation will be the same this time around. As to the speedy trial issues, I first wanted to talk about the government's claim that Mr. Harris-Franklin waived the question of whether the time was excludable, the times identified were after he filed his motion for dismissal. Counsel correctly points out that other circuits, a few other circuits, have decided that such time will not be reviewable on appeal unless you file a second or successive motion for dismissal. That is not yet the law in the Eighth Circuit. It was not the law in the Eighth Circuit at the time that Mr. Harris-Franklin filed his motion. The statutory text does not require it. It does say in Section 3162A2 that, quote, failure of the defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal. But that's all that the statutory text requires. If this Court is of a mind to adopt the rule in the other circuits, I would urge the Court not to do so retrospectively because Mr. Harris-Franklin had noticed that he was required to file successive motions. Counsel, how many days are we talking about here that are arguably waived? Total or in the ones that are in this issue specifically? On this issue specifically. This is the last half of 2023. There are 42 days that are at issue. The government did not contest them on a substantive basis, but it is a significant amount of time. And that is still pre-trial, right? Yes, it is pre-trial. So it would fall under the language that you've read in the statute or what's your argument for it not falling under the language that you just read to us from the statute that you have to raise it before trial? The language of the statute says failure to file a motion for dismissal waives the issue. It does not say you need to file successive motions. Well, what about if there's additional time, though? It sort of seems implicit in that, that if you think that that time is relevant to the speedy trial clock, that you'd have to file a motion whether it's successive or not. Well, I can concede that in some cases it might make a difference. In this case, however, it would make no difference whatsoever because the court had already determined, it made its finding that only 19 days had elapsed at the time of the filing of the motion. Therefore, it doesn't matter. It would have summarily dismissed a subsequent petition because there's not enough days, those 42 days don't add up to 70. So it doesn't make any difference whatsoever. It would have been summarily dismissed and a waste of time. That's why if the court decides to impose this rule, it should not do so retrospectively in this case because that would just be plain unfair. There would have been no purpose in it. So moving on to the other issues, there was a delay for resulting from the mental competency request from the government. One of the difficult issues that I noticed, well, one of the issues making it difficult for review in this court is that the transportation orders were not filed, at least I have not been able to where maybe they're just kept in chambers or kept with the agency. But under the 3161 H1F, the delay for transportation is presumed to be unreasonable if it exceeds 10 days. And we just don't know how much of this time was for transportation, how much it was not for transportation because there is no record telling us when the order was given and when the transport occurred. The recent Wilson case that I referenced in my reply brief indicates that it's unreasonable. In that case, the district court found that the time beyond 10 days was unreasonable. We just don't have any way to argue in this case because we don't have the proper record and I don't know what to do about that. I would hope this court would direct the district courts to preserve that record so that it could review for error there. But in terms of the amount of time, there were 19 days from the filing of the report and all the court ordered was that Mr. Franklin be transported for a mental competency exam, which happened. The court did not grant the government's motion for a competency hearing, probably because he had already been determined to be competent in state court just like a month before. So there was no reason to believe he was actually incompetent. It's just that he was a difficult defendant. So the time from the 27th of April through the 17th of May of 2023, that's 19 days. That time was after the filing of the report. There was nothing under advisement at that point in time. That time should be excluded. In addition, this is a significant period of delay, 40 days from the 1st of June to the 11th of July after new counsel had been appointed. As that Wilson court points out, an end of justice continuance under 3161H7 must flow from specific fact findings. These were the findings that were filed after the fact. It was simply that time was appropriate to exclude because of the need to prepare pre-trial motions. Of course, the time for filing pre-trial motions already had elapsed and counsel had not yet been appointed nor yet asked for any time to file pre-trial or prepare pre-trial motions. None were being prepared during that period of time. Wasn't Mr. Harris, Franklin, didn't he express some concerns that the current counsel had not been filing motions? Yes, and that is something that is in fashion these days. I would let the court know. That doesn't mean that counsel is required to file motions. Indeed, counsel is required to exercise his or her own professional discretion to decide whether they are appropriate or not. In this case, counsel asked for that opportunity and at that point, the clock stopped and he started preparing motions. The time before that should not be excluded. What is the effect of excluding the 19 days? The 19 days, it depends which other days are excluded, Your Honor. There are 45 days that we agree on are not excludable. You add the 19 days onto that and I don't think that you get that. That would be 44 plus 20, that would be 64. Am I correct? It wouldn't quite get there just by itself. And if I would like to preserve the minute I have left for rebuttal, thank you. Ms. Palachuk. Thank you, Your Honor. May it please the court, Emily Palachuk on behalf of the United States. We're asking the court to uphold the conviction in this case because the defendant has not met his burden of showing that there was a Speedy Trial Act violation here. I think what's happening in this appeal is that the defendant is elevating form over function. I'd like to start by addressing the waiver argument, specifically the post-motion waiver argument. Mr. Girtz said that filing a motion regarding those additional days would be a waste of time. But we know that that's not true because of the claims that he's making. One of the claims that he's making, for example, is that the order that the district court issued, excluding time until the trial date, was unclear as to whether it excluded time from December 8th or from January 12th. Had the defendant made his motion before trial at the pretrial conference, for example, or in his motions in limine, the district court would have had an opportunity to clarify the order instead of asking this court to interpret what the district court meant in the first instance. It would have saved the court, if there had been an issue at that time, then it could have been addressed before significant resources were expended on trial and then a pre-sentence report and sentencing. It was actually very important for the defendant to make that motion and to allow the district court to make findings. I understand your point about getting a finding from the district court, but would the number of days have mattered given the calculation the district court had already made? At that time, it would not have mattered. So it wouldn't have saved a trial, wouldn't have saved the sentencing? It's possible that it wouldn't have. However, I'll also point out that this is a case where the government, as the issues became more clear and were finally put in writing, the government is confessing that there were 26 days that the court excluded that it should not have. It's possible that if we had briefed this before the trial actually happened, that might have come to light sooner and could have been addressed at that time as well. If those 26 days are included, if the court does include those, then the 42 days would have made a difference. So again, this is about trying to elucidate these issues for the district court to make the findings in the first place. The same thing applies to the defendant's argument regarding waiver of the 14-day period of unavailability. In that instance, the defendant is arguing a legal argument but also argues a factual argument about whether the defendant was actually unavailable. That's evidence that should have been presented at the hearing so that district court could have made factual findings about whether the defendant was unavailable. The government presented an email from the district court saying that the defendant had refused to get on the jail transport for the day. If that were untrue in some way, it was for the district court to make findings about that. With respect to the competency issue, I think this talk about a hearing is a little bit of a red herring. What is important in a competency determination is that the court makes a finding of competency. And that didn't happen in this case until May 17th. This court has talked about that in the Jones case where the court mentioned that it's up to the district court whether or not to hold a competency hearing after a report from the BOP is filed. But regardless of whether a hearing is held, this court said the best practice and what we hold to be important is that there is a subsequent judicial determination of competency. There needed to be a judicial determination of competency. The BOP's opinion that the defendant was competent has no legal effect. It doesn't do anything to ensure that the defendant is in fact competent to move forward. It is a piece of evidence that was reviewed by all of the parties at that May 17th hearing. In fact, the district court took time to make sure that the defendant had a copy of that report and was given an opportunity to review it before moving on with other issues. It's clear that that hearing on May 17th was a competency hearing and that was the point at which any competency issues should have been addressed. I'd point the court to the Graves case from the Third Circuit and the Latham case from the Sixth Circuit, which are cited in our brief on this issue. They both reject the defendant's argument and do a very good job of walking through the way in which the statute for competency 4241 lines up with requiring a judicial determination of whether or not the defendant is competent to move forward. Is the judicial determination here, do we have to sort of equate that with a hearing and say because the court made that determination on, is it May 17th, that that was the hearing? I don't know that the court needs to say that that was a hearing, whether it was a status conference or it could have been. Sometimes competency determinations are made in a text-only order on the record, on the docket. The important thing is that there is something said by the district court saying you are competent to move forward, let's go. Am I wrong to say that the word hearing is in 3161 though, right? And I think I thought that was kind of part of the hook for the defendant's argument. The word proceeding is in 3161. The word hearing is in 4241, but it says a hearing to make a determination as to competency. So it's the word proceeding. And again, which is a different term. Yes, Your Honor. The Graves case, for example, mentions that the word proceeding, as if we look in Black's Law Dictionary explicitly, contemplates some sort of judicial involvement. And that's in line with this court's holding in that there must be a subsequent judicial determination of competency. And so our position is that while that report may have been filed on April 27th, it was not until the determination on May 17th that the clock would have started, but for the fact that the defendant then moved to fire his attorney. Counsel, what's your response to the defendant's suggestion that should we follow the holdings of other courts on waiver, that it wouldn't apply in this case and couldn't apply? Your Honor, again, I think that it was clear in this case that the types of arguments that the defendant wanted to make were arguments that needed to be heard by the district court. I think it's also a little disingenuous to say that we don't make frivolous arguments when we're anticipating that an appeal is going to go forward. In fact, the defendant has been making the Bruin argument continuously in this case and done so at every opportunity that he is supposed to, renewed that in order to preserve it for appeal. Where factual determinations need to be made and the burden is on the defendant to make them, then the defendant needs to bring the motion. And I would also say that while Mr. Girtz pointed to the language of the statute, this statute is one that explicitly says the burden is on the defendant to make the motion. The way the statute is written, it is that you have no remedy unless you've made the motion. And so it's that the defendant needs to make the motion and meet his burden to show that there was a violation of the act. If he doesn't do that, then his burden hasn't been met and there can be no violation. I'd also point out that with respect to the language of the act, that this is something that is not self-executing. And so the defendant has to make the motion in the first instance in order to bring it up before the court. And the cases that are cited in our footnote regarding the nine circuits that have as such are clear that one of the reasons for this is to prevent undue gamesmanship and to make sure that the burden stays with the defendant and not with the court to identify speedy trial act violations. The other point that I'd make is that I think that what we're asking the court to do by joining these other circuits is not that far from what this court did in the Gamboa case. In that case, the defendant moved to dismiss the indictment against him and he moved to all of the counts against him on one ground. And then he had a second ground as to dismiss one of the counts, count four. And this court said, no, no, your count four argument, you never made that to the district court, so you can't make that here. And I think it's a little bit different because we're not talking about whether there needs to be a renewal or not, but the idea that if you didn't make an argument, if you didn't raise specific grounds before the district court, you can't do it in the first instance before this court. It's not that far of a stretch then to get to where the district or the other circuit courts are in that the failure to renew a motion to dismiss must happen. And I'd also point the court to the fact with respect to whether it makes a difference or not in the 70-day calculation, it was the Conner case in the First Circuit, that was a case where it didn't matter. It wouldn't have reached the 70 days even if the defendant didn't, or the argument that the defendant needed to make wouldn't have pushed him over 70 days. But the court still said he had to have made the argument in order to preserve it for the First Circuit. So for those reasons, Your Honor, we would ask that the court uphold the orders below, as well as the conviction. Thank you, Ms. Paulus. Just a couple of points in response. First, counsel said that it would have been important to litigate these issues because they have since conceded this 26-day issue. But that was fully litigated down below. The court sided with the government on it. The Supreme Court case that was relevant to that was cited and discussed. It is only after filing the opening brief in this case that the government finally conceded the point that though at that time was not excludable. As to this, the competency hearing, the whole thing was a complete sham. There was no finding by the district court that Mr. Harris Franklin was competent on the 17th. The issue did not come up. The only thing that happened was that the reports were distributed. Mr. Harris Franklin was asked if he had seen it. But as I pointed out in the brief, when the government asked for a competency hearing, the only purpose in doing so was to stop the clock. It was not to determine whether he was competent because he was just determined to be competent a month before by the state court. So the whole thing was a sham and that hearing on the 17th was not a competency hearing. No competency determination was made. Thank you. Thank you, Mr. Gertz. The court notes that you're representing your client under the Criminal Justice Act and we wish to express our appreciation for your willingness to serve on the panel. My pleasure, Your Honor. Madam Clerk, would you call the final argument for the morning, please? The last case for argument is United States v. William Godoy.